**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THE ESTATE OF AMORY JOE
PEARCE, by and through the
executrix Sydney Gonzales; SYDNEY
GONZALES, an individual,

      Plaintiffs-Appellants,

v.

BENJAMIN HARRIS, an individual,

      Defendant,

   and

EDWARD KLEIN, an individual;
LONNIE SAPPINGTON,
an individual; GARY COBURN,
an individual; THE CITY OF NEW
CORDELL, a municipality,

      Defendants-Appellees.

No. 97-6176
(D.C. No. CIV-95-1894-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs appeal from the district court's grant of summary judgment in favor of defendants on their civil rights claims under 42 U.S.C. § 1983 and refusal to retain federal jurisdiction over their state wrongful death claims. We affirm.

The parties are familiar with the facts in this case, and we provide only a very brief summary here. Benjamin Harris shot and killed Amory Joe Pierce with a revolver owned by defendant Edward Klein,[1] who was a police officer for defendant City of New Cordell. Harris is the nephew of Klein and the son of defendant Chief of Police Gary Coburn. The shooting occurred while Harris and Pierce were in a vehicle owned by Klein. Klein kept the revolver in the vehicle, which Harris had permission to use.

After the shooting, plaintiff Sydney Gonzales, Pearce's mother and personal representative of his estate, brought suit under § 1983 alleging that defendants violated her constitutional right to familial association and the estate's

_____

[1] We refer only to those defendants who are appellees as defendants.

constitutional right to substantive due process. The district court granted defendants' motion for summary judgment. The district court determined that defendants did not violate Gonzales' constitutional right to familial association because she failed to show that defendants intended to interfere with her relationship with Pearce.

The district court granted summary judgment on the substantive due process claim first on the ground that as a matter of law no defendant's conduct was conscience shocking. Without conscience shocking conduct, the district court necessarily rejected plaintiffs' allegations of a state created danger. Also, the district court concluded there was no evidence showing Coburn or the City endorsed selective law enforcement or that they failed to provide adequate training with regard to off-duty weapons. Finally, the district court determined that the individual defendants were entitled to qualified immunity because plaintiffs failed to show clearly established law governing their conduct. In a later order, the district court exercised its discretion and dismissed plaintiffs' state wrongful death claims without prejudice to refiling in state court.

On appeal, plaintiffs argue the district court erred in granting summary judgment because (1) the City and Coburn are liable for their deliberate indifference in failing to train and supervise police officers in the use and securing of off-duty weapons and for their custom of selective law enforcement;

(2) the individual defendants violated plaintiffs' clearly established constitutional rights and are not entitled to qualified immunity; (3) defendants' actions were conscience shocking; (4) there was a state created danger; and (5) defendants intended to interfere with Gonzales' relationship with her son.

> We review the grant . . . of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (quotation omitted). After examining the briefs on appeal, plaintiffs' appendix, and the relevant case law in light of this standard, we conclude the district court thoroughly and correctly addressed the issues. Accordingly, we affirm the district court's grant of summary judgment for substantially the reasons stated by the district court in its order of April 10, 1997.

Plaintiffs also argue the district court abused its discretion in failing to retain jurisdiction over their state claims. They maintain that if they are unsuccessful in this appeal and this appeal is decided more than one year after the district court's decision, they will be forced to file an action in state court while this appeal is pending or risk not having their state claims heard. We agree with the district court's determination in its order of April 28, 1997, that there would

-4-

be no unfairness in requiring plaintiffs to pursue their state claims in state court. We, therefore, conclude the district court did not abuse its discretion in refusing to retain supplemental jurisdiction over the state claims. See Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995) (reviewing for abuse of discretion); see also 28 U.S.C. § 1367(c)(3) (stating that when all federal claims are dismissed, district court may decline to exercise jurisdiction over remaining state claims).

AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge